IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL LEE BERG, | : | |
| Plaintiff | : | |
| VS. | : | |
| Captain PEARL WHITE, *et al.*, | : | NO. 5:11-CV-419-CAR-CHW |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **DANIEL LEE BERG**, a prisoner at the Peach County Jail (the "PCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He has paid the required initial partial filing fee of $9.00. Plaintiff will be obligated to pay the unpaid balance of $341.00, as will be directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order to the business manager of the PCJ.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

The instant lawsuit arises out of a prior period of Plaintiff's incarceration at the Peach County Jail.[1]  According to the Complaint, Plaintiff was arrested on failure to appear charges on April 15, 2011, and pleaded guilty to the charges on April 21, 2011.  A judge allegedly sentenced Plaintiff to six days in jail with credit for time served.  Although Plaintiff thus contends he should have been released on April 21st, the PCJ Defendants (Captain Pearl White, Lieutenant Tony Trice, Sergeant Alfred Edwards, and Officer Arvid Sword) allegedly would not release Plaintiff until he paid $250.00.  Plaintiff claims that he was finally released on May 10, 2011, after his mother inquired with the court.  Plaintiff appears to allege that payment of the $250.00 was not a condition of his sentence and each of the PCJ Defendants was aware of this fact.

In addition to suing the four PCJ Defendants, Plaintiff sues Clerk Paige Beasley because she is "legally responsible for the clerical filing; documentation; incarceration and release of prisoners (for the City of Byron Municip[al] Court)."

## III. DISCUSSION

### A. *Defendant Clerk Paige Beasley*

Even construing Plaintiff's complaint liberally in his favor, Plaintiff has failed to state a colorable claim against Clerk Beasley. Plaintiff has not alleged any facts suggesting that Beasley personally participated in Plaintiff's confinement beyond his release date or that there was otherwise a causal connection between Beasley's actions and Plaintiff's alleged injury. Clearly the PCJ officials do not report to Beasley, but even if they did, Plaintiff would not have stated a valid claim

---

[1] Since filing his lawsuit, Plaintiff has twice written the Court complaining that he is experiencing harassment and retaliation during his current incarceration at the PCJ.  Such allegations are not related to the instant lawsuit and will not be considered herein.  If Plaintiff wishes to bring an action regarding his current confinement, he must file a new lawsuit.

against her. ***See, e.g., Watson v. Lockette***, 379 F. App'x 822, 826 (11th Cir. 2010) ("Watson's complaint did not allege that Clerk Mull either personally participated in the alleged denial of Watson's access to the courts . . . . The complaint also did not allege that the clerk's office employees were acting pursuant to Clerk Mull's policy or custom."). Finally, even assuming Beasley failed to process properly documents relating to Plaintiff's incarceration, Plaintiff alleges no intentional conduct on her part. Mere negligence does not support a valid section 1983 claim. ***Daniels v. Williams***, 474 U.S. 327, 336 (1986).

In light of the above, it is hereby **RECOMMENDED** that Defendant Paige Beasley be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B. PCJ Defendants

Plaintiff alleges that he was confined beyond the end of his sentence and that each of the PCJ Defendants were aware of the unlawful imprisonment. Given the liberal pleading standard accorded *pro se* litigants, the Court will allow Plaintiff's claims against Defendants Captain Pearl White, Lieutenant Tony Trice, Sergeant Alfred Edwards, and Officer Arvid Sword to go forward.

In light of the foregoing, it is hereby **ORDERED** that service be made on above PCJ Defendants, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall

not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests

to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated

to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 13th day of February, 2012.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge